# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**LAVERN GRAY,**                                                                      **PETITIONER**

**V.**     **NO. 1:05CV94-P-D**

**STATE OF MISSISSIPPI, ET AL,**     **RESPONDENTS**

## O P I N I O N

This cause comes before the court on the petition of Lavern Gray for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was convicted, contrary to his plea of not guilty, on November 17, 2000, in the Circuit Court of Lee County, Mississippi, of murder. He was sentenced to life imprisonment.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

Petitioner states that he filed a motion for a new trial in the Circuit Court of Lee County. He further states that the motion was denied on November 29, 2001, and he did not appeal the ruling. He also states that he filed a post-conviction action in the Mississippi Supreme Court on January 30, 2001. The appeal was denied on May 14, 2002.

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation, codified at 28 U.S.C. § 2244(d)(1):

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's appeal to the state Supreme Court was denied on May 14, 2002. Although Gray did not petition the United States Supreme Court for a writ of certiorari, the 90 day period within which he was eligible to file such a petition must be considered in determining when a judgment becomes final. *See Bell v. Maryland*, 378 U.S. 226, 232 (1964). Therefore his conviction became

final on August 13, 2002, and he had until August 13, 2003, to file a petition for habeas corpus review in federal court. It was not filed until April 7, 2005, almost 20 months after the allowable time. Consequently, it must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 21st day of July, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE